UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNIFIED U.S. COMMON LAW GRAND JURY *on behalf of* Barbara T. Pielack,<br><br>    Plaintiff,<br><br>v.<br><br>GREGORY A. LAY,<br>DANNY EVANS, and<br>ALLAN L. MACGREGOR,<br><br>    Defendants. | Case No. 2:20-mc-50607-LJM-EAS<br>Honorable Laurie J. Michelson |

### ORDER DIRECTING PLAINTIFF OR PETITIONER TO RESPOND TO RECHARACTERIZATION OF CASE-INITIATING DOCUMENT

Barbara Pielack has filed some type of case-initiating document with this Court. Why use the cumbersome "case-initiating document" instead of "complaint" or "petition"? Because it is not obvious what to call Pielack's filing. That might explain why the clerk's office simply called it a miscellaneous case and docketed it as such.

Fortunately, Pielack or Pielack's next friend, Heatherlee Yorty, has provided an "Affidavit of Barbara Therese Pielack" that clarifies matters. (ECF No. 1, PageID.20.)

According to Pielack's affidavit, in May 2006, Pielack and her then common-law husband, James Thornton, were foster parents to a 15-year-old. (ECF No. 1, PageID.20.) In November 2006, the foster child accused Pielack and Thornton of sexual harassment, rape, and sodomy; Pielack says the accusations are false. (*Id.*) Eventually, Pielack pled guilty in a Kentucky court; she says she was forced to plead and was falsely convicted. (*Id.*) The Kentucky court sentenced Pielack to 25 years of probation. (*Id.*)

Apparently, Pielack is now serving that probation in the Eastern District of Michigan because she has family here. She says, "I had no choice but to go to Michigan to my sisters to live. I am now under constant surveillance by State Police and Federal officers. The tenants of my probation mean I am never to come near any child." (ECF No. 1, PageID.20.) She adds, "There is a long list of incarceration/probationary statutes and rules, for someone falsely accused and set-up . . . . So, I stay in my little house with my doors locked in seclusion, praying for my freedom." (*Id.*) Pielack asks "to be restored to [her] original state before this unlawful incident happened." (*Id.*)

Given Pielack's affidavit, and the manner in which she has sought to style the filing, the Court construes Pielack's case-initiating document as a petition for a writ of habeas corpus. Effectively she thinks her conviction or sentence is unlawful and thus seeks to end her probation (or, at least, relax its restrictions). Indeed, the cover sheet to Pielack's filing says, "RE: Habeas Corpus" and cites 28 U.S.C. § 2242, which provides some procedures for obtaining a writ of habeas corpus. (ECF No. 1, PageID.2.) So the filing is best characterized as a petition, not a complaint. And because Pielack challenges a judgment of a *state* court, the Court intends to characterize Pielack's case as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

Because the Court intends to cast Pielack's filing as a petition under § 2254, it appears that this Court must notify Pielack of this action and give her time to address it. Precedent indicates that Pielack may either (1) agree to have her filing so characterized and her case treated as a petition under § 2254 or (2) withdraw her filing. *See Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004); *Rivas v. Warden, FCC Coleman-USP I*, 711 F. App'x 585, 586 (11th Cir. 2018). The reason for this notice requirement is that pursuing a § 2254 petition has consequences: namely, the offender usually gets one and only one such petition. *See Martin*, 391 F.3d at 713 (referencing "the severe

'second or successive' restrictions of section 2244"). To prevent the offender from "forfeit[ing] unnecessarily and unintentionally a meritorious claim," "notice prior to recharacterization necessary." *See id.*

Here, for two reasons, it is debatable whether the notice rule should apply. The first is that Pielack knew she was filing a petition for a writ of habeas corpus. As noted, she indicated in her filing that she was seeking that writ. So the Court has really just substituted the statutory provision she cited, § 2242, with the proper one, § 2254. That is different than, say, recharacterizing a § 1983 complaint to a § 2254 petition.

The second reason the notice rule seems to be an odd fit for this case is that another judge is probably the one who should be managing the proceedings. As noted, it appears that Pielack, who is still serving her probation pursuant to a judgment by a Kentucky court, is presently living in Michigan. The advisory committee notes to Rule 2 of the Rules Governing Section 2254 and Section 2255 Proceedings say that if the "applicant is on probation or parole due to the state judgment [s]he is attacking," then "[t]he named respondents shall be the particular probation or parole officer responsible for supervising the applicant, and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate." *Accord Beavers v. Franklin Cty. Adult Prob.*, No. 2:13-CV-00404, 2013 WL 6837549, at *2 (S.D. Ohio Dec. 23, 2013). Pielack has named as respondents the judge who presided over her case (Gregory A. Lay), the attorney who prosecuted her case (Danny Evans), and a sheriff in Tawas, Michigan (Allan McGregor). Although the sheriff may help enforce the terms of Pielack's probation, it does not appear that he or any of the respondents are the "probation . . . officer responsible for supervising" Pielack, "the official in charge of the . . . probation agency," or "the state correctional agency." So if Pielack has filed a § 2254 petition, this Court probably lacks personal jurisdiction over Lay, Evans, and

3

McGregor. *See Johnson v. Reilly*, 349 F.3d 1149, 1153 (9th Cir. 2003) ("Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." (internal quotation marks omitted)); *Palomarez v. Young*, 726 F. App'x 724, 725 (10th Cir. 2018). And when that is the case, the proper course is to dismiss or transfer the case. *See* Brian R. Means, Federal Habeas Manual § 1:99 (May 2020). So this case may well end up in the Eastern District of Kentucky.

Although the rationale for the notice-of-recharacterization rule might not apply with much force in this case, the Court, taking extra caution, will follow the rule. As such, by September 7, 2020, Pielack must inform the Court in writing of one of the following: (1) that she agrees to have her filing recharacterized as a petition under § 2254, (2) that she does not agree to that recharacterization because she is not challenging her conviction or sentence, or (3) that she wishes to withdraw her filing.

If Pielack chooses option (1) or (2), she should specify her claims in ordinary language using no more than five pages. Alternatively, Pielack can use one of the forms for a petition or complaint found here: https://www.mied.uscourts.gov/index.cfm?pageFunction=formList.

The Court further notes that if Pielack chooses option (1) and does not name as supervising probation officer in the Eastern District of Michigan, this case may be transferred to the Eastern District of Kentucky.

SO ORDERED.

Dated: August 13, 2020

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 13, 2020.

>       s/Erica Karhoff
>       Case Manager to the
>       Honorable Laurie J. Michelson